# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DONNA SANCHEZ,**

       Movant,

vs.                                             **CIVIL NO. Civ 04-795 BB/DJS**
                                                         Criminal No. 02-1894 BB

**UNITED STATES OF AMERICA,**

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution-Pleasanton at Dublin, California where she is serving concurrent 97-month and 120-month sentences as a result of her conviction for one count of distribution of fifty grams or more of a mixture and substance containing methamphetamine contrary to 18 U.S.C. §841(b)(1)(B) and one count of possession with intent to distribute five hundred grams or more of a mixture and a substance containing methamphetamine contrary to 18 U.S.C. §841(b)(1)(A). Those convictions were obtained as the result of Movant's

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

guilty plea.

2. Movant raises four grounds for relief. She asserts that she was denied effective assistance of counsel, that the arrest leading to her conviction for possession with intent to distribute more than five hundred grams of methamphetamine was presaged by in illegal search and seizure, that her indictment was a violation of her rights to due process and equal protection, and, lastly, that her sentence constitutes cruel and unusual punishment.

3. It has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. Id.; Mabry v. Johnson, 467 U.S. 504 (1967). Movant does not challenge the voluntariness of her plea; however, she attempts to avoid the pall cast by Broce on her claims by asserting that her counsel was ineffective.

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires her to show that her counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Movant received substantial consideration for avoiding a trial. The prosecution entered

into a stipulation as to Movant's acceptance of responsibility, agreed not to bring additional charges against Movant, and agreed not to file an information seeking an enhancement of her sentence pursuant to 21 U.S.C. §851. Plea Agreement filed March 6, 2003 (Docket No. 57). In turn, Movant gave up her right to appeal. Id.

     5. As the bases for her ineffective assistance of counsel claim, Movant asserts that her attorney failed to investigate the case and determine the validity of the prosecution on its face. She further contends that her court-appointed attorney requested that her father pay him ten thousand dollars to "get her out of this mess". In addition, Movant contends that her attorney should have investigated the events at the traffic stop which led to the search revealing the methamphetamine which formed the basis of the second charge against her. In support of its response to the instant motion to vacate, Respondent attached an affidavit from Movant's counsel in which he contradicts each of her claims. More importantly, Movant's allegations fly in the face of her testimony at her plea hearing, where she assured the Court that she was satisfied with her lawyer and had no complaints at all with regard to him. Transcript of Sept. 30, 2004 Plea Hearing, p. 6. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). While Movant's allegations are not conclusory, they are insufficient to overcome her representations under oath in support of her guilty plea.

     6. Movant has not met the standard articulated under Hill, *supra* and shown that she would not have pleaded guilty but for her counsel's alleged ineffective assistance. Movant contends that her attorney failed to investigate the circumstances of her case and failed to challenge the stop leading

to the discovery of over five hundred grams of methamphetamine in her car. Even if her attorney found grounds to challenge the traffic stop and succeeded in obtaining the suppression of the drugs discovered thereby, Movant would still have faced the charge contained in the first count of the indictment, which stemmed from her sale of over fifty grams of methamphetamine to a confidential informant the day before. Further, the prosecution could have sought the enhancement of Movant's sentence from that charge based upon her prior criminal history. Even if Movant had succeeded in obtaining the dismissal of the second count of the indictment, she would have faced a substantial incentive to plead guilty.

      7. In addition, Movant's counsel asserts there were no grounds upon which to challenge her stop and arrest for possession of more than five hundred grams of methamphetamine. Response to Petition, Exhibit 3, Affidavit of Troy Pritchard. Movant's own account of the stop supports her attorney's conclusion. Movant states that the investigative report related that Albuquerque Police received a detailed tip describing the car she would be driving, the car's license number, her name, and the fact that she would be delivering methamphetamine to Albuquerque. §2255 Motion filed July 13, 2004, Attachment: Ground Two. The police determined that the license number was invalid and, upon observing a vehicle entering Albuquerque, initiated a traffic stop for the invalid license. Id. Movant was issued a warning ticket and asked to consent to a search, which she refused to do. Id. Movant was not allowed to leave until a drug sniffing dog was brought to the scene. The dog alerted to her vehicle, whereupon the drugs were discovered and Movant was arrested. Id. Without providing any facts in support, Movant questions the existence of any confidential informant and the arresting officer's account of her suspicious behavior. Somewhat contradictorily, she also assert that the traffic stop was a pretense. Regardless, the presence of pretext does not invalidate a traffic stop based upon

4

an observed violation, such as Movant's invalid license plate. United States v. Botero-Ospina, 71 F.3d 783 (10th Cir.1995) (*en banc*). Further, Movant offers no facts by which the Court could conclude that her delay after the issuance of the warning ticket was unreasonable. See, e.g., United States v. White, 42 F.3d 457 (8th Cir.1994) (upholding one hour and twenty minute detention of truck pending arrival of drug dog); United States v. Frost, 999 F.2d 737 (3d Cir.1993) (upholding 80-minute detention due to delay in canine arrival).[2]

8. Movant has not shown that her counsel was ineffective, let alone that ineffective assistance of counsel resulted in her guilty plea. She offers no other basis for concluding that her guilty plea was involuntary. As a result, her challenges to her detention and arrest, which also appears invalid upon its merits, and her challenge to her indictment are foreclosed. Broce, *supra*.

9. Movant's contention that her sentence constitutes cruel and unusual punishment is likewise unsuccessful. Movant characterizes her sentence as "extreme" and argues that, but for her counsel's ineffective assistance and illegal action on the part of the police, she would not have faced prosecution at all. Once again, Movant overlooks the fact that she offers no challenge to the facts supporting the first count of the indictment wherein she sold drugs. As discussed above, Movant's challenges to her counsel's performance and to the police conduct leading to her arrest are

---

[2]Counsel likely concluded that reasonable suspicion supported Movant's detention. Reasonable suspicion is to be determined by considering the " 'totality of the circumstances--the whole picture.' " Alabama v. White, 496 U.S. 325, 330 (1990) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). "Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.... [We must take] into account the facts known to the officers from personal observation, and giv[e] the anonymous tip the weight it deserve[s] in light of its indicia of reliability as established through independent police work." Id. Here, the informant identified Movant's vehicle and license number, her date and direction of travel, and her first name. The officer corroborated those facts upon his stop and observed Movant fumbling with the console of her car as he stopped her and nervous behavior while he wrote out the ticket.

unsuccessful. Most significantly, Movant's sentence did not violate the Eighth Amendment because it was well within the statutory and guideline limits. United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir.1993) (holding sentence not regarded as cruel and unusual when within statutory and guideline limits).

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**